UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs. Case No. 2:95-cr-95-FTM-29DNF

JOHN A. LANDRY

---

**OPINION AND ORDER**

This matter is before the Court on John A. Landry's Request For Relief From the Judgment For the District Court's Lack of Subject Matter Jurisdiction to Convict, There Exist Unjust Judgments, and Because of Extraordinary Circumstances, Pursuant to Rule 60(b), F.R.Civ.P. (Doc. #168), filed on January 13, 2006. For the reasons set forth below, the motion will be denied.

**I**

On May 20, 1992, defendant John Austin Landry (defendant or Landry) was indicted in state court on charges of first-degree premeditated murder, first-degree felony murder, and first-degree burglary. These charges were the result of a May 3, 1992, armed burglary of a residence and murder of the homeowner, allegedly by defendant and three others. David Sorton and Richard (Ricky) Young pleaded guilty to second-degree murder and first-degree burglary and were sentenced to twelve years and seventeen years in prison, respectively; Franklin Delphi, a juvenile, pleaded guilty to second degree murder and was sentenced to forty years in prison with a 3

year mandatory minimum and credit for time served. See Landry v. State, 666 So. 2d 121, 127 n. 9 (Fla. 1995).

At his state trial, defendant testified on his own behalf, admitting he possessed a firearm to go hunting but denying involvement in the crimes. Defendant was convicted and sentenced to death. On September 21, 1995, the Florida Supreme Court vacated defendant's conviction and sentence on the ground that his State speedy trial rights had been violated. Landry v. State, 666 So. 2d 121 (Fla. 1995).

On October 11, 1995, defendant was named in a one-count Indictment in the United States District Court for the Middle District of Florida charging that on May 3, 1992, he was a felon in possession of two firearms and ammunition in violation of 18 U.S.C. § 922(g) and the Armed Career Criminal Act, 18 U.S.C. § 924(e). (Doc. #1). The charge concerned the firearms involved in the burglary and murder which had been the subject of the state court charges.

Defendant's counsel moved to suppress petitioner's statement during his state trial on the ground that his attorney in the state proceedings had been ineffective for failing to inform him that his testimony could be used in a future federal prosecution. (Doc. #23). Defendant later sought to amend the motion to add the claim that the statement was inadmissible because his conviction had been vacated by the Florida Supreme Court. (Doc. #87). The District Court allowed the amendment and denied the motion to suppress. (Doc. #93).

A jury was selected, but on the second day of trial, defendant waived a jury and consented to be tried by the Court sitting without a jury. (Docs. #99, #102). Defendant stipulated that he was a convicted felon at all relevant times (Doc. #101), and was adjudicated guilty of the charge on January 26, 1998. (Docs. #105, #115). On April 30, 1998, defendant was sentenced to life imprisonment. (Doc. #119).

Petitioner filed a timely direct appeal (Doc. #120). Petitioner's conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals in a *per curiam* decision, issued as mandate October 19, 1999, which addressed the three issues raised on appeal as follows:

> The admission of Landry's state court testimony did not violate his Fifth Amendment rights or was harmless error, considering the other evidence. A preponderance of evidence supports the conclusion that Landry's possession of a firearm resulted in a homicide, the district court properly applied U.S.S.G. § 2A1.1. In addition; the district court did not plainly err in applying a life sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).

(Doc. #134). The Eleventh Circuit denied petitioner's Petition for Rehearing on October 8, 1999, and his Petition for Writ of Certiorari was denied by the Supreme Court on February 22, 2000.

Petitioner filed a timely Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #136), as amended (Docs. #136, #137, #140, #141, #143), on July 17, 2000. See also Case No. 2:00-cv-313-FTM-29. Petitioner raised the following eight issues in his § 2255 motion,

as amended: (1) Whether the district court erred in admitting a statement made during his testimony in the previous state trial; (2) Whether the district court erred in sentencing him to life imprisonment under the Armed Career Offender Act because (a) the court misapplied the Sentencing Guidelines by using the guideline for first degree murder, and (b) 18 U.S.C. § 924(e)(1) does not authorize a maximum penalty of life imprisonment; (3) Whether his Sixth Amendment right to due process was denied by pre-indictment delay; (4) Whether he was the victim of vindictive and selective prosecution because the three other state defendants were not charged in federal court; (5) Whether the district court misapplied the Sentencing Guidelines by counting three prior convictions separately instead of as one conviction; (6) Whether the district court erred under the Sentencing Guidelines by considering as relevant conduct the events underlying the state prosecution which had been vacated; (7) Whether his prior convictions set forth in the Indictment and relied upon for conviction and sentencing were "convictions" under Florida law; and (8) Whether he received ineffective assistance of counsel at trial, sentencing and on appeal. On June 18, 2002, the district court entered an Order (Doc. #148) disposing of six of the eight issues raised by petitioner, and directing the government to file certified copies of records relating to three of petitioner's prior convictions. On July 2, 2002, the government filed the records. (Doc. #149). On July 29, 2002, the district court entered an Order (Doc. #150) rejecting the last two issues; judgment was entered as to all

claims on July 30, 2002 (Doc. #151). After discussing and rejecting the merits of each issue raised, the Eleventh Circuit Court of Appeals denied a certificate of appealability on March 13, 2003 (Doc. #159).

On November 7, 2003, defendant filed a Request for the Original Writ of Habeas Corpus (Doc. #160). See also Case No. 2:03-cv-620-FTM-29DNF. Petitioner raised the following claims: He was actually innocent of being an armed career criminal because his prior convictions used for enhancement purposes had been consolidated for sentencing in state court and should not have been counted separately for enhancement purposes; the district court improperly considered conduct for which he was not convicted in state court, thereby improperly applying the Sentencing Guidelines, and his attorney was ineffective for allowing this; and he was deprived of his Sixth Amendment rights because his trial and appellate attorneys failed to raise meritorious issues in the district court and on direct appeal. The district court denied the Request as a successive § 2255 petition in an Order (Doc. #161) filed December 2, 2003, and denied a request for a certificate of appealability on February 26, 2004 (Doc. #165). On May 19, 2004, the Eleventh Circuit Court of Appeals denied a certificate of appealability. (Case No. 2:03-cv-620-FTM-29DNF, Doc. #14).

On September 8, 2004, defendant filed a Request for Original Writ of Habeas Corpus for the Execution of Conviction and Sentence in Case No. 2:04-cv-451-FTM-29SPC. Petitioner raised the following claims: His conviction and sentenced should be vacated in light of

Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004); he was actually innocent of being an armed career criminal because his prior convictions used for enhancement purposes had been consolidated for sentencing in state court and should not have been counted separately for enhancement purposes; the district court improperly considered conduct for which he was not convicted in state court, thereby improperly applying the Sentencing Guidelines, and his attorney was ineffective for allowing this; and he was deprived of his Sixth Amendment rights because his trial and appellate attorneys failed to raise meritorious issues in the district court and on direct appeal. On December 22, 2004, the district court dismissed this Request (Doc. #166), and on February 21, 2005, denied a certificate of appealability (Case No. 2:04-cv-451-FTM-29SPC, Doc. #10). On June 21, 2005, the Eleventh Circuit Court of Appeals denied defendant's motion to proceed *in forma pauperis* because the appeal was frivolous (Case No. 2:04-cv-451-FTM-29SPC, Doc. #11), and dismissed the appeal for lack of prosecution (Doc. #12).

**II.**

Defendant's current motion seeks relief from both the 1998 criminal judgment and the July 30, 2002, judgment denying his petition for a writ of habeas corpus. Defendant asserts he is entitled to relief under Fed. R. Civ. P. 60(b)(6) because the district court which convicted him lacked personal and subject matter jurisdiction, there was an incorrect application of law concerning the § 922(g) offense, his sentence was imposed in

violation of due process, and that extraordinary circumstances exist because of changes in the law as a result of United States v. Lopez, 514 U.S. 549 (1996); Apprendi; Blakely; and United States v. Booker, 543 U.S. 220 (2005).

**A.**

As to the 1998 criminal judgment, Rule 60(b) does not provide for relief in a criminal case, but applies only to civil actions. United States v. Fair, 326 F.3d 1317 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365 (11th Cir. 1998). Therefore, a district court lacks jurisdiction to provide Rule 60(b) relief from a criminal judgment. Barnett v. United States, 143 Fed. Appx. 260 (11th Cir. 2005). Accordingly, the motion as it relates to the criminal judgment is denied.

**B.**

Because the July 30, 2002, judgment denying the petition for a writ of habeas corpus is a civil proceeding, Rule 60(b) can apply. Defendant relies upon Rule 60(b)(6), which allows a court to relieve a party from a final judgment if the motion is made within a reasonable time and there is a showing of "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). Gonzalez v. Crosby, 125 S. Ct. 2641, 2645-46 (2005). Rule 60(b), like the rest of the Federal Rules of Civil Procedure, may be applied to a § 2255 proceeding "to the extent that they are not inconsistent with any statutory provision or these rules." Rules

Governing Section 2255 Proceedings for the United States District Courts, Rule 12.

A district court has the authority to consider a Rule 60(b)(6) motion which challenges the subject-matter jurisdiction of the district court. Gonzalez, 125 S. Ct. at 2649(subject-matter jurisdiction can be raised in Rule 60(b) motion because the absence of jurisdiction deprives a federal court of power to adjudicate the rights of the parties). See also United States v. Cotton, 535 U.S. 625, 630 (2002)(because jurisdiction means the court's statutory or constitutional power to adjudicate a case, "defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court."); United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002)(jurisdictional error "can never be waived by parties to litigation."); Harris v. United States, 149 F.3d 1304, 1308 (11th Cir. 1998)(jurisdictional defects cannot be procedurally defaulted).

Subject-matter jurisdiction defines the court's authority to hear a given type of case. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir.)(quoting United States v. Morton, 467 U.S. 822, 828 (1984)), cert. denied, 531 U.S. 929 (2002). The Constitution of the United States gives Congress the power to create inferior federal courts and determine their jurisdiction. U.S. CONST. art. III, § 1. Congress has conferred original jurisdiction of "all offenses against the laws of the United States" to the federal district courts. 18 U.S.C. §3231. Additionally, Congress has created district courts in each state, including the State of

Florida. Congress has further divided the state of Florida into three judicial districts and provided that Lee County, Florida will be in the Middle District of Florida and that court shall be held inter alia in Fort Myers. 28 U.S.C. § 89. Defendant asserts that the district court had no subject-matter jurisdiction to convict and sentence him under 18 U.S.C. § 922(g) because the crime was not committed within the exclusive territorial jurisdiction of the United States and it did not have a substantial affect on interstate commerce within the meaning of Lopez. Relying upon United States v. Maxwell, 386 F.3d 1042 (11th Cir. 2004), defendant argues that the Eleventh Circuit has now changed the law of the circuit to comply with the substantial affect on interstate commerce requirement (as opposed to a *de minimis* affect) of Lopez. (Doc. #168, pp. 5-13).

The Eleventh Circuit has clearly held after Lopez that "as long as the weapon in question has a minimal nexus to interstate commerce, § 922(g) is constitutional." United States v. Scott, 263 F.3d 1270, 1274 (11th Cir. 2001), cert. denied, 534 U.S. 1166 (2002). This continues to be the law of the circuit. United States v. Peters, 403 F.3d 1263 (11th Cir. 2005); United States v. Lamb, No. 05-11159, 2006 WL 93233 (11th Cir. Jan. 13, 2006)[1]. Defendant's reliance on Maxwell is misplaced because Maxwell was vacated by the United States Supreme Court for reconsideration in light of Gonzales v. Raich, 125 S. Ct. 2195 (2005). United States

[1]Slip Opinion attached.

v. Maxwell, 126 S. Ct. 321 (2005). The firearm in this case was manufactured outside the State of Florida, and subsequently traveled into Florida, satisfying the interstate commerce requirement. United States v. Miller, 154 Fed. Appx. 97 (11th Cir. 2005). Therefore, the district court had subject-matter jurisdiction over this case.

Defendant also argues that the district court lacked personal jurisdiction. This is clearly incorrect. Defendant was charged in a valid Indictment (Doc. #1), was named in an arrest warrant (Doc. #2) based upon that Indictment, was obtained from state custody by a *writ of habeas corpus ad prosequendum* (Doc. #4), and had his initial appearance and arraignment before a federal judicial officer (Docs. #6, #14). The district court clearly had personal jurisdiction of defendant.

The remainder of defendant's Rule 60(b)(b) motion raises "claims" which should be treated like a § 2255 habeas application and dismissed as a successive petition. Defendant claims that he was erroneously convicted because the trial court did not determine all the required elements, i.e., substantial affect on interstate commerce. (Doc. #168, pp. 13-16). This is in substance a successive habeas petition claim, and must be treated accordingly. Gonzalez v. Crosby, 125 S. Ct. at 2647-48. Defendant is required to obtain the permission of the Eleventh Circuit Court of Appeals prior to filing a successive § 2255 petition. 28 U.S.C. § 2255. While incorrect as a matter of law, the assertion is a new claim

which is barred because the motion would constitute a successive petition and no permission has been obtained from the Eleventh Circuit to file a successive petition.

Defendant next argues that he was actually innocent of being an armed career criminal because his prior convictions used for enhancement purposes was consolidated for sentencing in state court and should not have been counted separately for enhancement purposes. (Doc. #168, pp. 16-20). As discussed above, these claims have been raised and rejected repeatedly. These claims are barred from now being raised in a Rule 60(b)(6) motion without prior approval of the Eleventh Circuit to file a successive petition.

Defendant also claims that subsequent changes in the substantive law by virtue of Apprendi and Blakely justify Rule 60(b)(6) relief from the denial of the habeas petition. (Doc. #168, pp. 20-25). This is in substance a successive habeas petition, and must be treated accordingly. Gonzalez v. Crosby, 125 S. Ct. at 2647-48. Since defendant has not obtained the permission of the Eleventh Circuit to file a successive petition, the motion as to these claims must be denied.

Accordingly, it is now

**ORDERED:**

Defendant John A. Landry's Request For Relief From the Judgment For the District Court's Lack of Subject Matter Jurisdiction to Convict, There Exist Unjust Judgments, and Because

of Extraordinary Circumstances, Pursuant to Rule 60(b), F.R.Civ.P. (Doc. #168) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this 7th day of February, 2006.

JOHN E. STEELE
United States District Judge

Copies:
John A. Landry
U.S. Attorney's Office (Molloy)