UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                        2:95-cr-95-FtM-29DNF

JOHN A. LANDRY
_____

**OPINION AND ORDER**

    This matter comes before the Court on review of defendant's Notice of Appeal (Doc. #170) from the Court's Opinion and Order (Dco. #169) denying defendant's "Request for Relief From the Judgment for the District Court's Lack of Subject Matter Jurisdiction to Convict, There Exist Unjust Judgments, and Because of Extraordinary Circumstances, Pursuant to Rule 60(b), F.R.Civ.P." (Doc. #168). To the extent applicable, the Court will construe the Notice of Appeal to contain a request for a certificate of appealability.

    Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability issues. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000).  When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 121 S. Ct. 1738 (2001).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El v. Cockrell, 537 U.S. at 336.

On February 7, 2006, by Opinion and Order, the Court found that it had subject-matter jurisdiction over the criminal proceedings, that it had personal jurisdiction over defendant, that any other claims raised should be treated like a § 2255 habeas application and dismissed as successive, or therwise rejected as previously addressed.  The Court finds that defendant has failed to show that jurists of reason would find that the Court was incorrect in its procedural rulings.  The request for a certificate of appealability will be denied.

Accordingly, it is now

**ORDERED:**

Defendant's request for a certificate of appealability, deemed included in the Notice of Appeal (Doc. #170), is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of May, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
USCA
AUSA
Defendant